This is the I am attorney carry on the list for Petitioner Juan Larroulet. At least that's how I say it. And before I start, I would like to reserve two minutes for rebuttal. This case is essentially about whether the California state statute that Mr. Larroulet was convicted under or accepted plea bargain under constitutes sexual abuse of a minor and is a statute that can raise it to the level of an aggravated felony. And we, of course, contest that it does not. This Court has we'd like to draw the Court's attention to not only, we've gone through everything in the brief, I don't know if you want me to go through this again, but there's a recent case, Tocatli v. Ashcroft, which was No. 0370473, decided June 10, 2004, which goes through the same categorical and modified categorical approach of Taylor v. United States, which has been the model throughout, you know, to analyze this type of a case. It goes, which is also followed in the recent cases this year, Pilar Escalon, Cazares Gutierrez, et cetera, all of which are, all those others I cited in my brief, in my reply brief. And we would urge the Court to use this model and take the approach that the Court took in Tocatli to find that Mr. Larroulet's conviction does not raise to the level of sexual abuse of a minor. Most particularly in the fact that minor is not an element of the statute. The trial court in fashioning this plea under People v. West very specifically found in reviewing all the facts that they did not feel that Mr. Larroulet's conduct amounted to sexual abuse of a minor. California has a perfectly good statute, which is 288A, that they use when they feel that the conduct is, merits that level of activity. And they're not liberal at all in any way, shape or form of reducing or mitigating that unless it's a very unusual case. And the trial record of the, in the State court was very, and the record of the plea agreement was very specific on the fact that the Court found this to be a very unusual case with unusual circumstances. The Court itself found no, that no custody was warranted and gave Mr. Larroulet 400 hours of community service to serve in his offense. What was the grommet of the crime? What? What was the essence of what he pled guilt or no contest to? He pled no contest to a sexual battery. A sexual battery of a person's life. What was the factual basis for that? The factual basis was never really specified. Well, no, it was. I mean, it was stipulated to, wasn't it? It was stipulated that there was an unlawful touching of a sexual nature. Was the, and this was stipulated to by a police report? They've stipulated to the facts in the police report that the Court. And the victim's name is in the police report? Yes, but they didn't stipulate to every fact in the police report. Where, tell me where this reservation of the stipulation is contained. It looked to me like the report was stipulated into evidence in its entirety. In that particular sense, it would conflict completely with People v. West. People v. West doesn't allow that. People v. West. What does People v. West say? People, it was a plea for People v. West. Which is like an Alford plea, a no contest plea. Yes. And they stipulated into evidence for the basis of the factual basis, the police report. For the factual basis of the elements of the charge. But, you know, the no, you know, the no contest, he was basically contesting all that. He wasn't admitting it. He wasn't denying it. He was going to allow the facts to be found based on the report. But only the facts that substantiate the basic elements, which is an unlawful touching while the person was under some form of restraint in a sexual manner. Is the victim named by name in the police report? I don't. I can look at the police report. Would you like me to do that? What I'm trying to get at is it's my impression that her name and age were in the report that was stipulated into evidence. I think you find that that is the state of facts. She was named. I don't know. I'm sure that while she was named, let's see. Does it have her age in here? However, the age in and of itself, yes, her age is in the police report. How old was she? 14. According to the page of the police report where I'm reading. Oh, no. Sorry. Forgive me. That's the she was born in 1985. Her date of birth is in here. So 85 from 97. She was 12. 11 or 12. Okay. So what did they, what does the report say he did to her? He kissed, attempted, held her chin, attempted to kiss her and patted her on her fanny. Okay. And he admitted in the, which I don't believe was submitted. I didn't do the underlying court work, so I was stuck with the record, but I got. And the attorney that did the underlying court work, of course, was disbarred and partly because of his work on this case or his lack of work on this case. When his disbarment was reported in the Bar Journal, they gave two paragraphs to the complaint against him that arose out of this complaint. So the State Bar did not take his actions lightly. However, the, all of the reports that the trial court did have access to, and I mean, I have them and I could submit them to the court. They weren't in the original, but if the court would allow a supplemental submission, I could submit them. They all, all the reports do indicate that he derived no sexual gratification, that this was, that the court believed that this was a very, very minor case, very minor conduct. They called it in the plea agreement and in the plea transcript, very minor conduct and conduct that was not likely to be repeated. And the trial court was very, very concerned that the plea that they allowed him to take would protect his immigration. They would rather have given him, and the judge says that fairly specifically in the transcript of the plea agreement, they would rather give him the 400 hours of community service. And the court specified that it be solid community service, that he helped do painting and construction of, I think it was a Native American Indian building that was being And it took him almost a year to complete it, because that's, you know, a significant amount of time considering his, you know, the work he needs to do to support himself and obviously the work. Kennedy. Excuse me. Do you pronounce your name Yamilose? Yes, sir. Yes. Yes. Isn't the question before us, though, and the only thing we've got to decide, here, in your opinion, the court looked beyond the statute and made a finding that, in your view, was necessary to find the elevation. In other words, he had to find the age of the child. Now, you can find it because I was listening to you, but there's no doubt about what the police report said. You can find it because she's named and her birth date is in there. So he can find it with that narrow view. But the Supreme Court, I was trying to see if I had written the case, has indicated that such an approach, looking beyond, should be used in a narrow range of cases. Yes, it's true. When the jury didn't find all of the elements, then there's a narrow range of cases where the court can make the inquiry and can look and can fill in. Your position, I gather, is that this isn't one of the cases. Exactly. That is extreme. And the reason I want you to focus on it, because she's going to come up and argue in a minute, and she's got to know what your point is. Well, the two major points, one is that in every single case that this Court has looked at and any other court that I can find, they, the statutes they have looked at had minor as an element of the statute. And here they look beyond to find out that the person was a minor. Was a minor. And that's what you're complaining about. When it was not necessary for a conviction under the statute in any way, shape or form, felony or misdemeanor. Well, but when you find that she was a minor, and that's what the court did, the court found she was a minor, and they said that's aggravated and you're out. Yes, but the court in Tocali found that there was plenty of conduct that did not elevate just because it involved a minor, just because it was sexual in nature, did not elevate to the statute, the stature of sexual abuse of a minor. Remember, the statute in immigration is sexual abuse of minor. Not relating to, not involving to, not having something to do, not pertaining to, in which this Court found in Tocali or Tocatli, I believe that's how it's said, I'm having a fine time with names, however, that they did find that and they did find that not all conduct reaches that level. This is also found, and we'd like the Court to be aware of, the fact that the board judge Felipe in the dissent on Rodriguez-Rodriguez also discusses, and I included that in my initial brief, that not every conduct that has a sexual nature that has a minor, happens to be a minor, is sexual abuse of a minor. This is the same argument that was in the dissent in Matter of Small. And there's no statute, not statute, I'm sorry, there is no decision out of this Court that extends and allows elements that are not part of the statute he was convicted of to be brought in, to have him convicted of something that he wasn't convicted of just because the government wants to relitigate. That becomes looking behind the conviction and relitigating it. It would also be very unfair in the fact that he, to use a police report. My question, all right, and you owe me your time. I'm sorry. I'm not. Is this 50 seconds? Look at the clock. It's going up. You're now in your 30 minutes. Thank you. Thank you. We'll hear from the government. You might move right to, you can do what you want because this is only a third of the Court, but you might want to move right to what authorized, this child was a minor. There's no question about it. You can look at the police report and you know she was a minor because you got her age. You see she was a minor. If you did what he did to a minor, you've got the aggravated element. But according as I understand the case and not so much the argument, you have to look beyond the statute in order to find out. I mean, to get the minor into the case because the statute doesn't define it. So don't you need to tell us why that was all right in this case or why it was not? Absolutely. Absolutely. I hope to reach that and clarify a couple of other points that came up as well, Your Honor. All right. I just wanted you to make sure you did it before we got through. May it please the Court, I'm Allison Drucker representing the United States. The issue here is whether the Petitioner is an aggravated felon. If he is, this Court lacks jurisdiction over the case. The Petitioner was convicted of sexual battery. According to the police report, the victim was 11 years old. He tried to force his tongue into her mouth while he was squeezing her buttocks. There is definitely improper touching, and that is where the abuse aspect of this comes in very clearly. So what? He was not convicted of anything having to do with a minor. The federal statute requires sexual abuse of a minor. I don't see how you could possibly get there. Okay. Here we go. We're going to do it. Under the act. I don't think you will, but go ahead. You go this way. Okay. I think the decision that you were mentioning, the Taylor decision of the Supreme Court. Supreme Court decision, yes. Right. Okay. And it deals with the modified categorical approach and allows examination of conviction documents to determine if a conviction can meet a generic profile, as would be necessary in this case. Now, while we recognize that there's precedent here that says that police reports are not proper for this, this is an unusual situation. We think it can be distinguished from the precedent because here the police report was incorporated by reference into the plea document. But, you know, the problem with that is he was charged originally with a crime involving a minor, and then they reduced the charge to a crime not involving a minor. They dropped the minor out of the case. So why should we look to the police report for anything other than the facts necessary to the charge that he wound up pleading to? Because the wording on the plea document said, People v. West, Stipulation to Police Report as Providing an Accurate Factual Basis. I'm quoting verbatim. This is at page 308 of the Agenda. That doesn't help you any at all. All he says is this piece of paper has a factual basis for the charge to which I'm pleading. Maybe the same report has also said that he committed a bank robbery. Would that mean that he could sort of bring all of those facts in to prove that he's a bank robber? He says that document has enough things to support, provide a factual basis for each crime for which I'm pleading. It includes some other facts, too, but he's certainly not agreeing to every fact in the police report. Norm, can I see how he could? It's a plea. He's pleading. It's an action where he's pleading to certain charges. Well, Your Honor, that is how we were construing the words that were written on the plea document. Right. But I realize that's how you were construing them. And our position is that People v. West. What gave you the authority to construe it that way? That's what I think we have to decide. And at the moment, it looks like nothing gave you the authority to construe it that way. And you have a Supreme Court case and a number of our cases, like Corona-Sanchez and Lara Chacon, that seems to cut against you completely. Well, look, as your opponent, I'm not knocking an argument, but that's why I was trying to get at a focus on that, because that's what you have to answer. If you don't, you might have some difficulty. Well, looking at the decision in People v. West, in that the California Supreme Court gave a selection of method by which the plea bargain could become a part of the record, and you know. You're not answering the question. It could be part of the record. There's no doubt about it. The point is, there's a missing element. The federal crime requires conviction of a sexual crime involving a minor. The thing he actually got convicted of in state court doesn't have that element. He couldn't plead guilty to it because he wasn't charged with it. He could stand up in court and say, oh, by the way, I did it, but saying things in court doesn't cut it under Taylor. Taylor says you have to look at the elements of the crime. Our authorities say that. But you have to. But you can look under Taylor. You can look at the documents of conviction. To see what he was actually convicted of. So if there were an element there, and if the element were present, and, for example, it said conviction of a minor, and the federal statute said you have to have a minor under 14, so let's say the state statute says molestation of a minor. It doesn't specify the age. Federal statute, let's say, says if it's a minor under 14, there are certain grave consequences. You can look at the documents to see whether the minor, that element of a minor, was in fact satisfied by a factual basis which involves a minor under 14. But here you haven't got an element. The crime for which he was convicted doesn't involve minor, doesn't require proof of a minor. He didn't plead guilty to having molested a minor. You're out of luck. It just doesn't exist. There's no way you can fill in an element by stuff that's said at the sentencing hearing. So you don't see this as analogous, for example, to these cases where you would be looking at a question of generic burglary and the question would be whether the person robbed a house or robbed some other, like a car? That's exactly right. It's not. If the state burglary statute were broader than the federal statute so that you could enter any building, whereas federal statute requires burglary of a house, then you could say, okay, the element was entering a building. We can look at the underlying facts to see whether the building in question was in fact a house because there is an element of entering a building there. But this is not such a case because minority was not part of the crime to which he pled. He might not have pled to it if it had been. I see the point that you're making. Obviously, this is not the position that I'm arguing. All I can say is the validity of the point is making, too. And if you see the validity of it, then you can tell us, if you can, how you fill it in, how you get past it. I don't think I have an answer that's directly responsive to the question that you're raising. But I'm sure you can get back to Washington. You're going to talk to your superiors and confess error if you think it's appropriate. I don't wish to confess error. You can't. You don't have authority to confess error. But I'm sure that if you go back to Washington and discuss it with your superiors and you believe that the government is wrong in this, you will. May I continue, please? You've got a minute and a half. Thank you. I think the main point I want to make here is if the Court disagrees, as at least you seem to. Well, it isn't a point of disagreeing, though, ma'am. It isn't a point of disagreeing. That's why I want to ask you the question and I wanted her to focus it. He was convicted of sexual battery of a minor. Is that your position? Please, sir. In that case, the Court should hold this case for Shepard v. USA, which is a case now pending before the Supreme Court. It's number 03-9168. Yes, but the first one came out the other way and the Court granted cert. Mm-hmm. Certiorari was granted in June, June 21st. Now, in Shepard, I mean, Taylor itself applied to a jury situation, not a guilty plea situation, but Shepard does apply to a guilty plea, so it's more analogous to the situation here. In Shepard, the First Circuit allowed examination of facts that were clearly outside the conviction record, including complaint applications and police reports to ascertain if an alien's conviction fell within a generic classification. So if the – that would be – perhaps what the Court should do here is hold this case, then, for Shepard. You know the problem, at least for a third of the Court. The problem is his conviction for sexual battery didn't meet the generic definition. Now, on its face, would you say that's correct or would you say it's not? The offense didn't include a requirement that the victim be a minor. That's correct. And so when you say we should hold it, we wouldn't be holding it to find out the answer to that question because it's pretty clear. You've got the pleading and that's what I'm – I cannot – well, I can understand in part your confusion because she didn't argue it. She didn't argue it, and so you could come up and make your argument. But we have to consider it, and that's the critical moment. And you've got to get us past that if you can. And I think you don't get us past it by telling us the Supreme Court's looking because the Supreme Court isn't looking at that precise question because – The only other argument I have is that it seems totally counterintuitive if you have a crime that's so bad that it's a crime, whether you do it to an adult or to a minor, just because the State did not set up two separate crimes, two separate offenses, one for minors and one for adults, that therefore this person gets an advantage because they did it to a minor. Excuse me, but you know what the problem is? The problem isn't us. The problem is he was initially charged, wasn't he? And then there was a reduction. And he pleaded to the reduction. And now you want us to act as if there was no reduction. But there was, wasn't there? Tell me. If I'm wrong, you tell me. Was there a reduction? I honestly am not familiar with that aspect of the case. I'm not – But I can assure you that there was a reduction. I only prepared this case for argument before you, and I don't really know the answer to that. I'm assuming there was a reduction. Whether there is a reduction or not in this case, there surely is a crime of molesting a minor in the California law. Such a crime does exist. And whether or not they are reduced in his case, you know, which you can't answer, the fact is he could have been charged under that other crime if he wasn't. The State chose not to. It chose to let him plead for something else. Congress, too, could change its statute to say you don't have to be an aggravated felony to take away the requirement that it be a minor. It could do that. That would solve your problem as well. Okay. Well, thank you. Thank you. You're out of time. Do you feel the need to say something? Is this a long no? Is this a long no or a short yes? Do you need to say anything else? If you have something else to say, step up to the lectern. The only thing you should say, Donna, if you're going to say this, no. There we go. No. Just a no. If you have anything else to say, you need to step to the lectern. No. Okay. Thank you. Case just argued. Stand submitted. Thank you, Your Honor. Roberts. We'll now hear argument in the last case on the calendar, Pinto v. Ashcroft. Or is it Martinez-Pinto? Thank you, Your Honor.
judges: Farris, Kozinski, Silverman